IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:20-cr-81 |
| | ) |
| SANZIO WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF COURT**

Defendant Sanzio Williams is facing a one-count indictment for conspiracy to possess with intent to distribute and to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and is currently being held in pretrial detention in the Allegheny County Jail. Defendant Williams has filed a Motion for Temporary Release from Detention (ECF No. 131) seeking temporary release to attend the funeral of his brother. Defendant Williams states that his brother, Clinton Miller, was shot to death on Wednesday, July 22, 2020, and that a suspect has been identified and a warrant issued for his arrest. The funeral is being planned and will occur sometime during the week of August 2, 2020, and Defendant Williams states he will advise the Court of the date and time of the funeral. Defendant Williams represents that at the conclusion of his brother's services, he will self-surrender to the Allegheny County Jail.

The Government filed a Response in Opposition to Defendant Williams' Motion for Temporary Release from Detention, contending that Defendant Williams is a danger to the community and appropriate conditions cannot be put into place to ensure the safety of the community if he is released (ECF No. 134).  While the Court is sympathetic to the tragic circumstances of Defendant Williams' brother's death, when considered in conjunction with the danger Defendant Williams poses to the safety of the community, these circumstances do not provide a sufficient basis for his temporary release.

1

Defendant Williams has a prior felony drug trafficking conviction for which he served more than one (1) year of imprisonment. Additionally, Defendant Williams is currently facing the following state charges: Strangulation – applying pressure to throat or neck (felony 2, in violation of 18 Pa.C.S. § 2718); Endangering the Welfare of Children (felony 3, in violation of 18 Pa.C.S. § 4304); Simple Assault (misdemeanor 2, in violation of 18 Pa.C.S. § 2701); Criminal Mischief (summary, in violation of 18 Pa.C.S. § 2718); Receiving Stolen Property (felony 2, in violation of 18 Pa.C.S. § 3925); Firearms not to be Carried Without a License (misdemeanor 1, in violation of 18 Pa.C.S. § 6106); Possession of a Controlled Substance (misdemeanor, in violation of 35 P.S. § 780-113(a)(16); and, a summary traffic offense. The seriousness of his prior conviction and pending state offenses, and the potentially lengthy prison sentence Defendant faces if convicted in this case, strongly counsel against granting him temporary release. Accordingly, Defendant Williams' Motion for Temporary Release (ECF No. 131), is **DENIED**.

## I.     BACKGROUND

The drug trafficking charge in this case, initially brought by way of Complaint (ECF No. 4), was the result of a months-long Title III wiretap investigation targeting Defendant Williams and the other named defendants. Following his arrest on the Complaint, the Government requested that Defendant Williams be detained (ECF No. 50), and he was thereafter incarcerated at the Allegheny County Jail. After his initial appearance, Defendant Williams waived his right to a detention hearing at that time.[1] On May 19, 2020, a federal grand jury sitting in the Western District of Pennsylvania returned a one-count Indictment (ECF No. 64) charging Defendant Williams (and others) with conspiracy to possess with intent to distribute and to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846.

---

[1] On July 27, 2020, Defendant Williams subsequently filed a Motion for Bond Hearing (ECF No. 132) wherein he requests a bond hearing be scheduled with the Court.

In the Government's written request for detention (ECF No. 50), it represents that no condition or combination of conditions would reasonably assure the appearance of Defendant Williams as required and the safety of any other person and the community because Defendant Williams is a danger to any other person or the community, and/or Defendant Williams is a flight risk. Most notably, the Government invokes the rebuttable presumption in favor of detention under 18 U.S.C. § 3142(e)(3).

On July 27, 2020, Defendant filed his Motion for Temporary Release (ECF No. 131). The Court then ordered the Government to file a response to that motion as soon as practical but, in any event, no later than July 30, 2020 (ECF No. 133). On July 29, 2020, the Government filed its Response in Opposition as to Defendant Williams' Motion for Temporary Release (ECF No. 134). Defendant's Motion for Temporary Release (ECF No. 131) is ripe for disposition.

**II.      DISCUSSION**

Defendant Williams' request for temporary release is governed by 18 U.S.C. § 3142(i). Section 3142(i) provides: "[t]he judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i). In making the motion, the burden rests with Defendant Williams to show that § 3142(i) permits his temporary release. *See, e.g.*, *United States v. Stephens*, No. 15-cr-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (citing *United States v. Dupree*, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011)). To meet this burden, the defendant should present an individualized argument why temporary release is appropriate; generalized or speculative arguments are insufficient. *See, e.g.*, *United States v. Lee*, No. 19-cr-298, 2020 WL 1541049, at *6 (D.D.C. Mar. 30, 2020).

Based on the above standard, Defendant Williams must demonstrate the presence of two factors. First, that his temporary release is necessary for the preparation of his defense or another compelling reason. 18 U.S.C. § 3142(i). Second, that he could be released to the custody of the United States marshal or another appropriate person. *Id.*

### A. "Another Compelling Reason"

Defendant Williams does not argue that temporary release is necessary to prepare for his defense, and so this Court must determine if Defendant Williams has established that temporary release is necessary for "another compelling reason." In his motion, Defendant Williams describes the tragic circumstances of his brother's death and asks this Court to permit him to attend his brother's funeral service to pay his final respects and to console family members. The Court is sympathetic to the circumstances of his brother's death, however, the majority of courts agree that an examination of the defendant's dangerousness and risk of flight is appropriate when deciding a temporary release motion. When the court interprets "compelling reason", it should do so against the backdrop of the Bail Reform Act as a whole. *See United States v. Wilburn*, No. 18-115, 2020 WL 1899146, at *11 (W.D. Pa. Apr. 17, 2020)) ("And if there is anything that permeates the Bail Reform Act, it is Congress' intent that courts consider the defendant's dangerousness and risk of flight when making detention determinations…[i]t would strike the Court as odd, then, that § 3142(i)'s 'compelling reason' prong would ignore a defendant's danger or flight risk. This is especially true given the absence of an explicit intention to do so in § 3142(i)'s text...")

In this case, while Defendant Williams has stated that he is seeking temporary release to attend his brother's funeral, he does not address the factors of dangerousness and/or risk of flight. The Government opposes Defendant Williams' temporary release and requests the Court to consider Defendant Williams' danger to the safety of the community. The Government notes that

Defendant Williams is charged with a serious drug trafficking offense, which carries a penalty of not less than five (5) years and not more than forty (40) years of imprisonment if convicted. The Government contends that Defendant Williams' prior conviction will also qualify as a "serious drug felony", which could serve to enhance the penalties to not less than ten (10) years up to a maximum of life imprisonment.

With respect to Defendant Williams' dangerousness, the Government also highlighted the seriousness of Defendant Williams' pending state charges. According to the Government's Response in Opposition to the Motion for Temporary Release, on August 15, 2019, Defendant Williams was arrested by the Wilkinsburg Police Department and charged with the following offenses: Strangulation – applying pressure to throat or neck (felony 2, in violation of 18 Pa.C.S. § 2718); Endangering the Welfare of Children (felony 3, in violation of 18 Pa.C.S. § 4304); Simple Assault (misdemeanor 2, in violation of 18 Pa.C.S. § 2701); and, Criminal Mischief (summary, in violation of 18 Pa.C.S. § 2718). These charges related to an incident where Defendant Williams is alleged to have assaulted a female victim by physically attacking her, choking her with both hands around her neck, and punching her multiple times in the head. During this incident, the victim's child was allegedly inside of the residence where the attack took place.

While on bond for those charges, on May 6, 2020, Defendant Williams was charged by the Borough of Etna Police Department with the following offenses: Receiving Stolen Property (felony 2, in violation of 18 Pa.C.S. § 3925); Firearms not to be Carried Without a License (misdemeanor 1, in violation of 18 Pa.C.S. § 6106); Possession of a Controlled Substance (misdemeanor, in violation of 35 P.S. § 780-113(a)(16); and, a summary traffic offense. The Government describes that these charges relate to an incident where an Etna police officer first observed Defendant Williams departing from a known drug house within the Borough and entering

a vehicle with an expired registration plate. The officer then conducted a traffic stop where Defendant Williams was identified as the driver and sole occupant. When the officer detected the odor of marijuana coming from the vehicle during the traffic stop, the vehicle was searched, and the officers recovered a large bag of marijuana and a loaded, stolen .380 caliber Colt pistol. Defendant Williams was released on bond for that matter on May 6, 2020, and is awaiting a preliminary hearing.

Under § 3142(i), the Court cannot disregard Defendant Williams' danger to the safety of the community, and Defendant Williams' criminal history and pending state charges lead the Court to conclude that he poses a danger to the safety of the community. Moreover, his criminal history and pending state charges demonstrate that being arrested and placed under court supervision has not deterred continued criminal behavior by Defendant Williams. Accordingly, this Court finds that Defendant Williams has not demonstrated a compelling reason warranting his temporary release under § 3142(i). While the Court is sympathetic to the tragic circumstances of the death of Defendant Williams' brother, those circumstances do not warrant Defendant Williams' temporary release with no consideration of the danger he poses to the safety of the community.

**B. "Another Appropriate Person"**

While the above analysis is sufficient reasoning to deny Defendant Williams' temporary release motion, Defendant Williams has also failed to meet the second element of Section 3142(i). That section states that any temporary release, should the court grant it, must be to the United States Marshal or "another appropriate person." 18 U.S.C. § 3142(i). In this case, Defendant Williams' plan, should the Court grant him temporary release under § 3142(i), is that after the conclusion of his brother's service, he would immediately self-surrender to the Allegheny County Jail. As such, Defendant Williams has not satisfied the "another appropriate person" requirement

as he does not appear to suggest that he be released to either an appropriate person or to the United States Marshal. Moreover, even if Defendant Williams were to propose release to the United States Marshal, the Government indicates that at this time, the United States Marshals Service will not transport incarcerated defendants to funerals because of security risks associated with doing so.

### III.     CONCLUSION

The Court understands that Defendant Williams' desire to attend his brother's funeral service led him to seek temporary release. However, the Court must also consider his danger to the safety of the community and the terms of any temporary release. Those considerations strongly favor Defendant Williams' continued detention. Accordingly, Defendant Williams' Motion for Temporary Release (ECF No. 131), is denied.

An appropriate Order follows.

**ORDER OF COURT**

AND NOW, this 31st day of July, 2020, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant Williams' Motion for Temporary Release (ECF No. 131) is DENIED.

s/ *Stephanie L. Haines*
Stephanie L. Haines
United State District Judge